PER CURIAM.
The trial court dismissed charges against appellee on double jeopardy grounds. Because the dismissed charges do not require the proof of an offense for which appellee has already been prosecuted, we reverse and remand to reinstate the charges.
Appellee was originally charged with five counts relating to the passing of two bad checks on April 2, 1990, and April 3, 1990. Count I alleged grand theft on April 2, 1990. Count II alleged a violation of Section 832.05(4) by the passing of a check # 253 in the amount of $625. Count III alleged a violation of Section 832.-05(3)(a) by depositing “a bank check.” Count IV alleged a grand theft on April 3, 1990. Count V alleged a violation of Section 832.05(4) by passing check # 264 in the amount of $500. Appellee was convicted and sentenced on those charges.
Thereafter, the state filed a new information in two counts. Count I alleged a violation of section 832.05(4) by passing check # 266 in the amount of $1,425 on April 3, 1990, and count II alleged a violation of the *1099 same statute by passing check # 248 in the amount of $600 on April 4, 1990. Appellee moved to dismiss the information on double jeopardy grounds and due process grounds. The trial court agreed and dismissed the ease, prompting this appeal.
Appellee contended below that because the state would be relying on some of the same conduct which was an essential element of the prior prosecution, the double jeopardy clause precluded the second prosecution. In Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the Court held that to determine whether a subsequent prosecution is barred by the double jeopardy clause, the court must apply the traditional Blockburger[1] test. That is, if the offenses have identical statutory elements or a lesser included offense is involved, then the subsequent prosecution is forbidden. However, overlap in proof between two prosecutions does not establish a double jeopardy violation. See also Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1990).
While there was overlapping proof on each of the instant prosecutions, for instance, that the account on which the various checks were drawn had insufficient funds, the presentment of each check amounts to a separate offense. In other words, the presentment of each check appears to have been an independent transaction requiring a separate criminal intent. See § 832.05(4), Fla.Stat. (1991).
We are aware of appellee’s contention that double jeopardy is violated because she was previously charged and convicted based on her April 3, 1990, conduct where “as part of a common scheme, plan or purpose”, she deposited a “bank check” at California Federal with the intent to defraud. However, checks number 253 and 264 appear to have formed the basis for all four counts of that information. Conversely, the present information was based on check numbers 266 and 248.
Based on the record presented, appellee’s prior conviction does not necessarily require the state to use the same criminal conduct to convict appellee of the offenses presented in the instant information. Therefore, so long as the state does not use all of the same conduct upon which the two checks in the first prosecution was based, no double jeopardy violation occurs.
The trial court also determined that ap-pellee’s due process rights were violated by charging the separate offenses in two prosecutions rather than one. However, we believe that this is an additional argument for the application of double jeopardy as it was argued in appellee’s memorandum filed in the trial court on her motion to dismiss. On appeal neither party has furnished any other independent due process analysis which would support the trial court's order, and we do not find that it is a reason to affirm.
Reversed and remanded for further proceedings.
DELL, WARNER and POLEN, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).